Grove and pen palm plant. The next case scheduled for argument this morning is U.S. v. Knolls, 19 0852. The next case scheduled for argument this morning is U.S. v. Knolls, 19 0852. You may proceed. May it please the Court. My name is Joseph Gentile, and I represent the appellant, Donald Knolls, in this particular matter at this level, and I was also his attorney at the district court level. I'd start out with the very simple concept that reasonableness review, as this Court is very much aware, can be in a review for an abuse of discretion. And frankly, the failure to exercise discretion can sometimes be abusive. In the context of this case, there's two aspects that are kind of troubling. I'll address first the physical circumstances aspect. As I'm sure Your Honors are aware, most of the time when you raise a physical circumstance issue, very often you hear from the other side, the Bureau of Prisons can take care of this condition, they have suitable circumstances to deal with it, et cetera, et cetera. However, in this case, there was something different. In this particular case, the Bureau of Prisons did send Mr. Knolls for surgery in February of 2018, but when they came out of surgery and sent him to the surgeon, the problem here was the surgeon says, we can't really fix this condition. He has a plate in his jaw that is impinging on his teeth that is also causing persistent pain and infection. And much like Judge Lynch's analysis in the Jimenez case, there's a difference between physical circumstances scenarios where an individual, we're talking about a potential for a problem, whether it be a heart condition or whatever, but we have an existing condition that's causing consistent pain, infection, pus, blood, all sorts of problems that are occurring on a regular basis. Frankly, even the government acknowledged in their sentencing letter to the court, and it was incorporated in the memorandum, that he has persistent pain and infection. Yes, it sounded like a terrible situation physically for your client. It wasn't clear to me that it could be remediated by anyone. It wasn't just that it was not remediable by those in the prison medical system, but that this was going to be a chronic position and it was very unfortunate. But did I miss anything in that, or do you believe- Not at all, in fact, it's a chronic condition that exists to this day that he has. And what's somewhat disappointing a little bit is, when you raise that issue, you would expect a little bit on the district court level to engage the process. Let's engage this problem in a way that really meets with the issue. Much like Judge Lynch did in Jimenez, because he did in fact engage and make this distinction between potential injuries and injuries that are presently existing. But still what we have here is you're arguing that it was abuse of discretion for the district court to fail to downwardly depart under two different exceptions or authorities, but the district court gave a reasoned and detailed review of your client's circumstances and gave his reasons for his decision not to, and typically we hold those to be non-reviewable decisions. What distinguishes these? The fact is, Judge, I would say to you, if your honor really, and I'm sure you have, looks at that record of the judge's decision, what the judge does is he basically incorporates the probation report. Then the judge summarizes counsel argument on both sides. And then on the physical circumstance question, the judge simply says, in one sentence, I'm simply adhering to the arguments demonstrated above. But again, we tend not to find those decisions reviewable unless there's an indication in the record that the district court misperceived the scope of his or her authority to depart. I didn't see anything suggesting that in the record. Did I miss something? No, I don't think you have misjudged, missed on that issue, Judge. And I do recognize that the case law in general has that proposition. But what we're addressing here is substantive reasonableness and a question of when you have an actual impactful in this that is sustained on a daily basis, shouldn't the district court make the type of probing inquiry analytically to say why this case doesn't merit some sort of departure consideration? That's what did not occur here. And it not only occurred here, but it also occurred to a certain degree with the second issue, which I think is an interesting wrinkle that you do not see every day in a particular case. Not only did we have the physical circumstance situation, but we have a young man, and it does mean a lot, 11 months is a big difference between category three and category four, that's a significant amount of time in jail time, who's on the seventh point, who if he's one point lower, he's in category three. Acknowledging, and what is the one point? Ironically, it's a 2014 marijuana conviction, which in the present day and age would not even be prosecuted. You get a summons to go down to 346 Broadway, and you'd pay your ticket or handle it in whatever way you deem is appropriate. But that one point placed Mr. Knowles from category three into category four. Now I would acknowledge, Your Honor, as you've indicated on this issue, we just got a little glimpse from the judge, very little frankly, as to what the analysis was, which was the marijuana issue is not dispositive. But on the other hand, the court said, I'm concerned about violence in the past. Although one of those incidents, and I do acknowledge the one when he was 15 years old is a serious incident. This was a young man who was basically a teenager with a psychological issues in a history Kings County Psychiatric Hospital. Mother filed a pins petition, obviously came from a very poor area. That doesn't condone what he did at 15, but it did place it in some sort of marginal perspective. You simply ask the court to consider, and I recognize what Your Honor is saying, a category four to the category three departure. It's not asking for an extraordinary necessarily relief. And yet, what the court kind of did is it only really engaged the question in one singular sentence. And they didn't really engage the physical circumstance issue in any sentence in any way. Did you move for reconsideration after the district court imposed sentence? I didn't even know that we could make a motion for reconsideration of a particular sentence, to be frank about it, Judge. Even though I've been practicing for 35 years. The point of the matter is- The ordinary, but just your, I assume you made the arguments you're making to us, to the district court on the first go round. Not only was it on the first go round, but the interesting thing, Judge, and frankly, in looking at it is, all you really look from a district court is engagement, embrace the issues, discuss the issues fully. What I believe the district court does, and I don't mean to say it is, the judge incorporates the entire probation report, puts the two counsel's arguments in context as part of his decision, but doesn't gauge any engagement of the issue in any way beyond that point. Sort of just acquiesces to what the government's letter said, and simply adopted that as part of its findings. Frankly, having had- Why are you asking us to do it? I'm asking your honor to remand it, and for one, consider that a category three departure would be appropriate. For the district judge to consider? For the district judge to sentence. An argument you never made to the district judge? I'm sorry, Judge? Was that an argument you never made to the district judge the first time? No, I certainly made it. The argument, in fact, I even argued at the point that you could consider two or three, but certainly a category three departure based on the merit of the district judge. And then the same thing, presumably, with the criminal history as well? You made all those arguments to the district judge? Absolutely, Judge. All of those issues were raised fully, and the government responded to those issues accordingly as well. But all of those questions were completely addressed in full development before the record. Your concern is that somehow the judge didn't respond to you, that he understood or really properly evaluated those arguments? To a degree, yes, Judge. That's my argument in terms of the engagement of the physical circumstance issue. Because once again, this physical circumstance issue- It was in the guidelines, correct? It was a 60-month sentence. Guidelines were from 57 to 71 months. Correct. In the range? Correct. There's no question that it's a guideline sentence. But the question that, as I started out to say, was should the court have exercised some discretion for these issues? And more meaningfully, should the court have really engaged both of those issues in a more meaningful way? The reason why we are here is precisely because the physical circumstance issue is pain that is present, that is pervasive, that happens on a regular basis, which, as I said, was conceded by the government. Did we really engage that process on that? And then the marijuana question is a very, very unique little issue that, frankly, should have been completely developed by the district court, and most respectfully, the court did say that it did not find it dispositive, which I understand. But was it a real engagement on the criminal history analysis? Because the guidelines obviously allow for that type of departure, possibly one level down, etc. And it seems like they were almost clairvoyant that if you established the proper reason for it, a court should engage in it. Any other questions? Thank you, Your Honor. Thank you very much. We'll hear from the government. May it please the court, my name is Andre Spector, and I represent the government on this appeal. I was also one of the prosecutors assigned below. There's no doubt that Mr. Knowles suffers physically, and the government below agreed that it was a condition that the district court could consider under section 3553A. In fact, we recognized, and the district court appeared to ultimately agree, that a sentence towards the bottom end of the guidelines is appropriate in light of that condition. Knowles' arguments on appeal fail because the district court recognized its authority to downwardly depart, and it declined to do so. That decision, this court has repeatedly held, is not reviewable in appeal. Unless Your Honors have any questions, I will rest on our submission. All right, thank you very much. We'll reserve decision. Thank you.